Beacom, J.
Martin Walter was arrested and tried before a justice of the peace and was found guilty under an affidavit which accused him of “having in the open air, for the purpose of shooting, implements for shooting, to-wit, one shotgun and cartridges, on the 16th day of October, 1904, the same being on the first day of the week, commonly called Sunday.” Pie complains that this conviction was erroneous, and asks a reversal. The substance of his complaint is that the law under which his conviction was obtained was in violation of the Constitution of Ohio.
97 O. L., 436, and following contains an enactment of the Legislature, in substance entitled, “A law to provide for the protection, preservation and propagation of game.” Section 16 prohibits the killing of certain game on Sunday, and Section 17 provides that no persons shall hunt or shoot or have in the open air for such purposes any implements for hunting or shooting on any Sunday.
*14 The affidavit embodies substantially the language of the statute, and, if the statute be valid, the affidavit is sufficient.
Does the statute which provides that no person shall have, on any Sunday, in the open air, for the purposes of hunting or shooting, any implements for hunting or shooting, violate the Constitution?
The Legislature does have power by proper legislation to provide for the protection and preservation and propagation of game.. Game is the property of the whole public, and the Legislature may provide for its preservation.
This brings us to a consideration of whether the Legislature has power to make the provisions contained in Sections 16 and 17.
The best statement known to this court of the power of a legislative body in such matters is contained in the celebrated case of McCulloch v. Maryland, 4 Wheaton, 421, the opinion having been given by Marshall, and sometimes said to be the most admirable in the English language. It is there said, in determining whether or not the United States government had power to establish a bank:
“Let the end be legitimate, let it be within the scope of the Constitution, and all means which are appropriate, which are plainly adapted to that end, which are not prohibited, but consist with the letter and spirit of the Constitution, are constitutional. ’ ’
The question then is, whether or not this provision, that nobody shall hunt on Sunday, that nobody shall be found in the open air on Sunday with hunting implements, comes within that language.
The court has said that the Legislature has a right to preserve the game by proper means, and is further of opinion that the provision that there shall be no hunting on Sunday and that no person shall be found on that day in the open air with hunting implements is, in the language of Marshall, “an appropriate means and plainly adapted to that end,” to-wit, to the preservation of game.
But no means can be used which infringe the right to keep and bear arms as guaranteed by the Constitution.
*15 That brings us to the constitutional phrase, “The right of the people to keep and bear arms shall not be abridged.” There has been discussion as to what arms were meant in the Constitution, and a general consensus of opinion seems to be that the purpose of this provision was to enable the people to keep and bear arms of a military character.' It is doubtful whether shotguns would come within the provision, because perhaps the only arms contemplated are the ones - which fit the citizen for the defense of his country in time of war. But, however that may be, the right to-keep and bear arms is to be enjoyed subject to such reasonable regulations and limitations as may be imposed by the law of the land. The right to keep and bear arms does not prevent the Legislature from passing laws regulating the manner in which arms shall be used. The Legislature shall not abridge the 'right below what it was at the time the Constitution was adopted. But let us see what its condition was at that time: ‘ ‘The offense of going armed with unusual or dangerous weapons, to the terror of the people, has always been indictable at common law” (.A. & E. E. L., Vol. V, 729).
Moreover, the state Legislatures of the states have provided many limitations. For example, it has been provided that no .one shall carry concealed weapons; that no one shall carry weapons either concealed or unconcealed' into a • court, of justice, or into a church, or into a voting place, or within a mile thereof, and all these have been held to be valid restrictions upon the manner in which arms may be used. The right to keep and bear arms does not mean that a man may be a walking arsenal; that no limitations can be imposed upon the manner of their use. That is perfectly manifest.
In the volume last cited (5 A. & E. E. L.), it is said on page 742, that, although it is ordinary, in such restrictive legislation, to make exception in favor of a person on his own land, yet, if no exception be made, the law applies to one on his own land the same as elsewhere. I mention this because it is said in argument that petitioner in error was upon his own land.
W. C. Rogers, for plaintiff in error.
L. Q. Rawson, for the State of Ohio.
In conclusion, the court is of opinion that the Legislature may pass laws providing for the preservation of game; that such laws must not' be in violation of the constitutional provision that “the right to keep and bear arms shall not be abridged”; that the legislative enactment under consideration is plainly adapted to the preservation of game; that it does not violate any constitutional guaranty; and that it is therefore valid.
One further thing to be considered, and only one, is the case of Martin v. The State, 70 O. S., 219, and the only reason the court considers it is that counsel for petitioner in error seems to rely on it. In that ease one Martin, standing in front of his own house, shot off a gun at night—shot into the darkness simply, without any aim or purpose, without any defined purpose, and the ball struck and killed a boy. He was charged with murder and found guilty of manslaughter. Manslaughter means the unlawful killing of a human being, not in a murderous way. The question was whether or not the firing of that .gun was unlawful, whether or not the shooting came within Section 6962, Revised Statutes. All the court said (page 227) was that the statute should be read as though it stood this way: “Whoever discharges a gun on the property of another,” etc., and that, inasmuch as the act of the accused did not come within the provisions of that section, his act was not unlawful and therefore he was improperly convicted. That case decided only that he, having fired while standing on his own ground, did not come within the provisions of Section 6962. It did not decide that the Legislature could not regulate the use- of arms upon one’s own premises. It only held that the Legislature had not attempted to do so.
Therefore the court finds that the law is valid; that it is adapted to attain the end which is sought to be attained; that the end is a legitimate and constitutional end; and that on the facts the defendant was not wrongfully convicted.
Petition in error dismissed.